UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 8:04-cr-185-T-24TBM

DELELLIS PROMOTIONS, INC.
d/b/a LILY HEALTH CARE

## PLEA AGREEMENT

A.  **Particularized Terms**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Paul I. Perez, United States Attorney for the Middle District of Florida, and the defendant, DeLellis Promotions, Inc., d/b/a Lily Health Care, and the attorney for the defendant, Joe Episcopo, mutually agree as follows:

1.  Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant, from in or about December 1997, and continuing until on or about June 1999, with conspiracy to commit Medicare fraud, in violation of 18 U.S.C. § 371.

2.  Maximum Penalties

Count One carries a maximum sentence of five years' imprisonment, a fine of $500,000, a term of supervised release of three years, and a special assessment of $50 per felony count for offenses committed prior to April 24, 1996, $100 per felony count thereafter; for organizations the amounts are "$200" and "$400"

Defendant's Initials _____   AF Approval _____

respectively, said special assessment to be due on the date of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

3. Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First: That two or more persons, in some way or manner, came to a mutual understanding to try to accomplish a common and unlawful plan, as charged in the Indictment;

Second: That the Defendant, knowing the unlawful purpose of the plan, willfully joined in it;

Third: That one of the conspirators during the existence of the conspiracy knowingly committed at least one of the methods (or "overt acts") described in the Indictment; and

Fourth: That such "overt act" was knowingly committed at or about the time alleged in an effort to carry out or accomplish some object of the conspiracy.

4. Utilization of the Sentencing Guidelines

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the Court determine the defendant's applicable guidelines range and defendant's guidelines sentence, with any applicable departures, pursuant to the United States Sentencing Guidelines.

Defendant's Initials _____    2

5. <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. <u>Mandatory Restitution to Victim of Offense of Conviction</u>

Pursuant to 18 U.S.C. §§ 3663A(a) and (b), defendant agrees to make full restitution to the Centers for Medicare and Medicaid Services (formerly known as Health Care Financing Administration). The United States and the defendant agree that the loss to the Centers for Medicare and Medicaid Services resulting from the defendant's conduct is approximately $41,740.31.

7. <u>Guidelines Sentence</u>

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States will recommend to the Court that the defendant be sentenced within the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines, as adjusted by any departure the United States has agreed to recommend in this plea agreement. The parties understand that such a recommendation is not binding on the Court and that, if it is not accepted by this Court, neither the United States nor the defendant will be allowed to withdraw from the plea agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

Defendant's Initials _CP_    3

8. <u>Acceptance of Responsibility - Two Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

9. <u>Low End</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

10. <u>Use of Information - Section 1B1.8</u>

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

11. <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture,

Defendant's Initials _____     4

pursuant to 18 U.S.C. § 982(a)(7), whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, a money judgment in an amount up to a maximum of $41,740.31, in United States currency. The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(3), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a

Defendant's Initials _____   5

consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Defendant's Initials _____        6

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

12. <u>Corporate Defendant</u>

The undersigned corporate officer or representative of the defendant hereby certifies that she is authorized by the defendant corporation to act on its behalf, to plead guilty to the charge alleged in the Indictment, and to enter into this plea agreement, and that a corporate resolution so empowering said officer or representative has been duly made and approved by said corporation. If, at the time of sentencing, said defendant corporation is operating in its capacity as a corporation, the corporation will have implemented an effective program to prevent and detect violations of law, which program shall require the exercise of due diligence, requiring at a minimum that the corporation take the steps set forth in USSG §8A1.2 comment. (n.3(k)). The defendant corporation further agrees that such a program may be made a special condition of probation, should the Court determine that a sentence of probation is appropriate.

**B.    Standard Terms and Conditions**

1. <u>Restitution, Special Assessment and Fine</u>

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C.

Defendant's Initials _____    7

§ 3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or § 3579, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement.  On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.  The defendant understands that this agreement imposes no limitation as to fine.

    2.    <u>Supervised Release</u>

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

    3.    <u>Sentencing Information</u>

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies.  The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Defendant's Initials _____      8

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

4.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend

Defendant's Initials _____          9

any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5. <u>Appeal of Sentence-Waiver</u>

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

6. <u>Middle District of Florida Agreement</u>

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

Defendant's Initials ___*cl*___      10

7. <u>Filing of Agreement</u>

This agreement shall be presented to the Court, in open court or <u>in camera</u>, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

8. <u>Voluntariness</u>

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in

Defendant's Initials _____      11

the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. <u>Factual Basis</u>

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

## FACTS

Beginning in or about December 1997, and continuing until on or about June 1999, in the Middle District of Florida:

A. The Medicare Part B program, as established by the Social Security Act, provided supplementary medical insurance benefits for individuals, typically those sixty-five years old and older, who were entitled to Social Security benefits ("Medicare beneficiaries").

B. Medicare regulations characterized companies providing reusable equipment as Durable Medical Equipment ("DME") suppliers. DME suppliers were also commonly referred to as DME providers.

C. The Health Care Financing Administration ("HCFA") was an agency of the United States Department of Health and Human Services ("HHS") and was

Defendant's Initials _____   12

responsible for the administration of the Medicare program. To facilitate administration of Medicare Part B DME claims, HCFA divided the United States into four geographical regions and contracted with private insurance companies in those regions to assist in the administration of the Medicare program.

    D.    Palmetto Government Benefits Administrators ("Palmetto GBA"), Columbia, South Carolina, pursuant to a contract with HCFA, served as the carrier for the Medicare Part B program to receive, adjudicate, process and pay claims submitted by DME suppliers for DME items provided to Medicare beneficiaries residing in Florida and other states in the southeast part of the United States, known as Region C. United HealthCare Insurance Company ("United Healthcare"), Wilkes-Barre, Pennsylvania, pursuant to a contract with HCFA, served as the carrier for the Medicare Part B program to receive, adjudicate, process and pay claims submitted by DME suppliers for DME items provided to Medicare beneficiaries residing in New Jersey and other states in the northeast part of the United States, known as Region A. Companies that served as carriers for the Medicare Part B program that dealt with DME suppliers were commonly referred to as DMERCs. Collectively Palmetto GBA and United Healthcare are referred to herein as "HCFA's Fiscal Intermediaries."

    E.    DELELLIS PROMOTIONS, INC., d/b/a LILY HEALTH CARE (also referred to herein as "DPI"), was a Florida corporation located in New Port Richey, Florida, in the Middle District of Florida, that submitted claims for reimbursement to Medicare Part B for DME.

    F.    Defendant, CHRISTINE DELELLIS (also referred to herein as "DELELLIS"), a resident of Pinellas County, Florida, owned or controlled DPI.

Defendant's Initials _CD_           13

G. Medicare Part B paid claims in the amount of eighty percent of the allowable reimbursement for DME supplied to Medicare beneficiaries. DME had to be medically necessary and be prescribed by a physician.

H. Claims for reimbursement were submitted to HCFA's Fiscal Intermediaries on a paper health insurance claim form ("HCFA Claim Form 1500") or through an electronic medium claim system, which electronically transmitted the information on a HCFA Claim Form 1500. Both methods of submitting claims for reimbursement required the same information. The information required included:

(i) the service and/or DME provided as identified by the standard HCPCS procedure code number;

(ii) the date the service or DME was provided;

(iii) the charge for such service or DME;

(iv) the diagnosis supporting the service or DME as identified by the appropriate standard ICD-9 diagnosis code number; and

(v) a certification of the relevant physician or supplier certifying, in part, that the services were medically indicated and necessary for the health of the patient.

I. For certain DME claims, Medicare regulations further required the submission of an additional form known as a Certificate of Medical Necessity ("CMN"). The CMN had four sections ("A" through "D"). The information required in Section B of the CMN included:

(i) specific medical conditions necessitating the DME;

(ii) certain diagnoses; and

(iii) the length of time for which the DME was needed.

Defendant's Initials _CV_         14

The portion of the CMN requiring this information had to be completed and signed by the treating physician or the physician's designated employee.

J. After completing and/or reviewing Sections A, B, and C of the CMN, the treating physician was required to sign and date the CMN in Section D, entitled "Physician Attestation and Signature/Date," certifying that the items ordered were medically necessary for the patient, and verifying the attestation appearing in the section.

K. ZANDRINA ALEXANDER (also referred to herein as "ALEXANDER") was a physician practicing primarily in St. Petersburg, Florida, in the Middle District of Florida.

L. During the relevant period charged in the Indictment, DELELLIS and/or DPI, as specified, engaged in the following activity in furtherance of the conspiracy charged in Count One of the Indictment:

(i) DELELLIS would and did offer to pay, and would and did pay, unlawful remuneration to ALEXANDER in return for ALEXANDER ordering DME and DME-related services for Medicare beneficiaries who were customers of DELELLIS and DPI.

(ii) DELELLIS would and did offer to pay, and would and did pay, unlawful remuneration to others in return for referring Medicare beneficiaries to DELELLIS and DPI for DME and DME-related services reimbursable by Medicare.

(iii) DELELLIS and others would and did falsely and fraudulently complete portions of CMNs in a manner intended to deceive HCFA's Fiscal Intermediaries, that is, to make it appear that DME provided to Medicare beneficiaries was medically indicated and necessary when it was not.

(iv) DELELLIS and DPI would and did submit claims for reimbursement to HCFA's Fiscal Intermediaries, which falsely and fraudulently represented that the Medicare

Defendant's Initials _____     15

        beneficiaries were treated/examined by ALEXANDER when they were not and that DME provided to Medicare beneficiaries was medically indicated and necessary when it was not.

    (v)    DELELLIS and others conducted these activities in a manner calculated to conceal and cover up the fraudulent and unlawful nature of this scheme and to deceive the Medicare program and others.

M.    For example, in furtherance of the conspiracy charged in Count One of the Indictment, DELELLIS and/or DPI, as specified, engaged in the following activity concerning Medicare beneficiary Paul W. Watson, a nonexistent individual created by investigators:

    (i)    On or about April 22, 1999, DELELLIS had a conversation with an individual wherein DELELLIS stated in substance that she had paid a doctor and that she had the doctor's signature with her, referring to a CMN for a power wheelchair for Medicare beneficiary Paul W. Watson; and

    (ii)    On or about April 26, 1999, DELELLIS and DPI submitted or caused to be submitted a HCFA Claim Form 1500, with attachments, to Palmetto GBA seeking reimbursement for a motorized wheelchair and related accessories purportedly provided to Medicare beneficiary Paul W. Watson.

N.    As a result of the defendant entering into the conspiracy charged in Count One of the Indictment, and following through with the same, the Medicare program suffered an approximate loss of $41,740.31.

10.    <u>Entire Agreement</u>

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _____

16

11. <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 31st day of October, 2005.

_____  
DeLellis Promotions, Inc.  
Defendant

PAUL I. PEREZ  
United States Attorney

By: _____  
Jay G. Trezevant  
Assistant United States Attorney

_____  
Joe Episcopo  
Attorney for Defendant

_____  
Robert A. Mosakowski  
Assistant United States Attorney  
Chief, Tampa Division

N:\_Criminal Cases\D\Delellis_1998R02063\p_plea agreement_Delellis Promotions.wpd

Defendant's Initials _____   17